**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARLON SANTIAGO,

    Petitioner,

v.                                                    Case No. 8:05-CV-1150-T-30MSS
                                                                             8:03-CR-447-T-30MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

This cause comes before the Court for consideration of Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed June 14, 2005 (CV Dkt. 1). Section 2255 provides, in pertinent part, that if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the Government. 28 U.S.C. § 2255. *See also United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982). The Court concludes, for reasons set forth below, that Petitioner's § 2255 motion is subject to summary dismissal.

**Background**

On December 3, 2003, Petitioner was arraigned on a grand jury indictment charging him with one count of conspiring to possess with the intent to distribute 50 grams *or more* of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846 and 841(b)(1)(A)(iii) (CR Dkt. 14). Represented by court-appointed counsel (CR Dkt. 18), Petitioner pled guilty as charged on March 18, 2004, pursuant to a negotiated plea agreement (CR Dkt. 91).

-2-

At sentencing, the Court granted the Government's motion for a two-level downward departure in Petitioner's base offense level pursuant to U.S.S.G. § 5K1.1 in recognition of Petitioner's substantial assistance.  Petitioner's base offense level was also adjusted downward two levels pursuant to U.S.S.G. § 3E1.1(a) for acceptance of responsibility for his criminal conduct and one level pursuant to U.S.S.G. §3E1.1(b) for timely notifying the Government of his intent to enter a plea. For sentencing purposes, Petitioner fell within criminal history category III based on three prior drug convictions and the fact that when the offense of conviction occurred, he was on probation for a drug-related offense. Petitioner was sentenced on June 25, 2004, to serve a term of 168 months in prison, to be followed by a 60-month term of supervised release (CR Dkt. 124).  Judgment of conviction was entered on June 28, 2004 (CR Dkt. 125).  Petitioner did not file an appeal.

On November 5, 2004, the Government requested that Petitioner receive a further two level downward adjustment to his base offense level pursuant to Fed. R. Crim. P. 35 in recognition of substantial assistance rendered after his sentence was imposed (CR Dkt. 151).  The Government's motion was granted (CR Dkt. 156), and an amended judgment was entered on November 16, 2004, reducing Petitioner's sentence to a term of 140 months in prison (CR Dkt. 157).

Petitioner timely filed a § 2255 motion on June 14, 2005 (CV Dkt. 1). For reasons discussed below, the Court concludes that Petitioner has not demonstrated that he meets the criteria for relief under § 2255.

**Standard of Review**

Title 28 U.S.C. § 2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence;  (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. *See United States v. Addonizio*, 442 U.S. 178, 184-86 (1979); *Hill v. United States*, 368 U.S. 424, 428 (1962); *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988).

**Discussion**

The crux of Petitioner's complaint is that the sentence he received is greater than he anticipated when he entered his plea. Petitioner does not challenge the validity of the plea agreement. To the contrary, Petitioner argues for strict enforcement of the terms of the agreement, asserting that the Court erred in calculating his sentence.

Since the conspiracy involved a quantity of drugs in excess of 1.5 kilograms, Petitioner was assigned a base offense level of 38 pursuant to U.S.S.G. § 2D1.1(c)(4) (PSI ¶ 69).  As discussed above, his base offense level was then reduced five levels and he was sentenced to a term of 168 months, well below the statutory maximum of life imprisonment. *See* 21 U.S.C. §§ 846 and 841(b)(1)(A)(iii).  *See United States v. Gerrow*, 232 F.3d 831 (11th Cir. 2000) (there is no error, plain or otherwise, under *Apprendi* where the term of imprisonment is within the statutory maximum set forth in § 841(b)(1)(C) for an offense without regard to drug quantity).

Petitioner contends that because the drug quantity was not admitted to by him or found by a jury beyond a reasonable doubt, he could only be held accountable for a quantity of 50 grams of cocaine base as set out in the plea agreement. Petitioner further argues that because the prior convictions used in calculating his criminal history category were not admitted to by him or found by a jury beyond a reasonable doubt, they could not be considered in calculating his sentence. Petitioner claims are premised on the Supreme Court's holdings in *Apprendi*,[1] *Blakely*[2] and *Booker*[3].

The question of whether *Blakely* applies to the federal sentencing guidelines was decided in the affirmative when the Supreme Court entered its decision in *United States v. Booker*. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). While the Supreme Court's holding in *Booker* applies to all cases on direct review, *id.* (citing *Griffith v. Kentucky,* 479 U.S. 314, 328 (1987) ("[A] new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases . . . pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past")), nothing in *Booker* makes the holding in *Blakely* retroactive. *Booker* does not, therefore, provide support for Petitioner's position.

Petitioner's assertion that having his sentence enhanced by the application of U.S.S.G. § 4B1.2(1) was a violation of his plea agreement is likewise without merit.

---

[1] *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (holding that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.").

[2] *Blakely v. Washington*, 542 U.S. 196, 124 S.Ct. 2531, 159 L.Ed.2d 403 (Jun. 24, 2004) (applying the rule of *Apprendi*, the court held that the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings).

[3] *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (finding that the mandatory nature of the federal sentencing guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial).

Because Petitioner was sentenced under the sentencing guidelines, as specifically set out in the plea agreement, he cannot now successfully assert that his sentencing violated that agreement. Classification as a career offender for the purposes of enhancement under the sentencing guidelines is separate and distinct from a statutory sentence enhancement imposed pursuant to 21 U.S.C. § 841. *See United States v. Frisby*, 258 F.3d 46, 51 (1st Cir. 2001). It is well settled that a district court does not err when it considers prior convictions in sentencing a defendant under the Sentencing Guidelines. *See United States v. Shelton*, 400 F.3d 1325, 1329 (11th Cir. 2005). Moreover, the holdings in *Blakely* and *Booker* do not apply to the use of prior convictions to enhance a defendant's sentence. *United States v. Orduno-Mireles*, 405 F.3d 960, 962 (11th Cir. 2005).

Petitioner further asserts that he was sentenced in violation of Fed. R. Crim. P. 23(a), which provides, in relevant part, that "if the defendant is entitled to a jury trial, the trial must be by jury unless: [1] the defendant waives a jury trial in writing; [2] the Government consents; and [3] the Court approves." Petitioner executed a plea agreement which provides, in pertinent part, that he understood that he "has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against [him], the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in [his] defense, but, by pleading guilty, [Petitioner] waives or gives up those rights and there will be no trial" (CR Dkt. 90 at 13-14). Both Petitioner and the Government executed the written plea agreement, *see id.* at 16, and this Court approved the plea agreement based upon the recommendation of the magistrate judge made after having conducted a hearing consistent

with the requirements of Fed. R. Crim. P. 11 (CR Dkts. 94 & 101).  Thus, Petitioner's assertion that his sentence violated Fed. R. Crim. P. 23(a) lacks merit.

As to Petitioner's argument that trial counsel was ineffective for failing to oppose the probation officer's calculation of his base offense level based on drug quantity and the use of his prior convictions in calculating his sentence, the Eleventh Circuit has repeatedly held that *Apprendi* does not apply to Sentencing Guidelines facts in general and relevant conduct in specific.[4] *United States v. Le,* 256 F.3d 1229, 1240 (11th Cir. 2001) (Sentencing Guidelines are not subject to *Apprendi* ); *United States v. McClain,* 252 F.3d 1279, 1284 n. 12 (11th Cir. 2001) (*Apprendi* does not apply to relevant conduct under the Sentencing Guidelines); *United States v. Harris,* 244 F.3d 828 (11th Cir. 2001) (*Apprendi* does not apply to drug quantities outside scope of indictment considered as relevant conduct); *United States v. Nealy,* 232 F.3d 825, 829 n. 2 (11th Cir. 2000) (*Apprendi* does not apply to firearm enhancement under Sentencing Guidelines). Thus, when Petitioner was sentenced, there was no basis in law in this circuit for arguing that *Apprendi* applied to judge-made determinations pursuant to the Sentencing Guidelines.

To the extent that Petitioner asserts a claim of ineffective assistance of counsel based on a failure to raise a *Blakely/Booker* argument, trial counsel is not ineffective for failing to predict a change in the law. See *United States v. Ardley*, 273 F.3d 991, 993 (11th Cir. 2001) ("In this circuit, we have a wall of binding precedent that shuts out any contention

---

[4] Before *Blakely* was decided, every federal court of appeals had held that *Apprendi* did not apply to guideline calculations made within the statutory maximum. *See, e.g., United States v. Hughes,* 369 F.3d 941, 947 (6th Cir. 2004); *United States v. Francis,* 367 F.3d 805, 820 (8th Cir. 2004); *United States v. Jardine,* 364 F.3d 1200, 1209 (10th Cir. 2004); *United States v. Alvarez,* 358 F.3d 1194, 1211-12 (9th Cir. 2004); *United States v.* Phillips, 349 F.3d 138, 143 (3d Cir. 2003): *United States v. Patterson,* 348 F.3d 218, 228-29 (7th Cir. 2003); *United States v. Randle,* 304 F.3d 373, 378 (5th Cir. 2002); *United States v. Sanchez,* 269 F.3d 1250, 1268 (11th Cir. 2001); *United States v. Webb,* 255 F.3d 890, 898 (D.C.Cir. 2001); *United States v. Angle,* 254 F.3d 514, 518 (4th Cir. 2001); *United States v. Caba,* 241 F.3d 98, 100 (1st Cir. 2001); *United States v. Garcia,* 240 F.3d 180, 183-84 (2d Cir. 2001).

that an attorney's failure to anticipate a change in the law constitutes ineffective assistance of counsel.") (citing *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that '[r]easonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop." ')).

The Court finds that Petitioner has not established that the performance of trial counsel in this regard was outside "the wide range of professionally competent assistance." *Van Poyck v. Florida Dep't of Corrs.*, 290 F.3d 1318, 1322-23 (11th Cir. 2002) (quoting *Strickland* v. *Washington*, 466 U.S. 668 (1984)).

## Conclusion

Having reviewed the record, applicable statutes, and controlling case law in this circuit, the Court finds that Petitioner has not met the criteria for relief under § 2255.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's amended motion to vacate is **DENIED** (CV Dkt. 1).

2. The **Clerk** is instructed to enter judgment against Petitioner, terminate any pending motions, and close this case.

DONE and ORDERED in Tampa, Florida on May 8, 2006.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copy furnished to:
 All Parties of Record

SA/jsh